**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TARA M. KULWICKI, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COBB HOSPITAL, INC., a/k/a WELLSTAR COBB HOSPITAL, INC., and WELLSTAR HEALTH SYSTEM, INC.<br><br>Defendants. | Civil Action No. 1:24-CV-4658-MLB-CCB<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**PLAINTIFF'S RESPONSE TO THE**
**<u>COURT'S ORDER OF AUGUST 17, 2026</u>**

The Court has requested that Plaintiff identify: 1) the part(s) of the Wellstar Medical Plan Summary Plan Description (ECF No. 46-2) that support the contention of paragraph 19 in the SAC that "[m]en do not need to meet any specific definition of 'infertility to qualify for coverage of fertility treatments and expenses," and also 2) "more broadly, which portion(s) show male fertility benefits and treatments are covered and what kinds of benefits and treatments they are entitled to under the plan." (Order of Aug. 17, 2026).

The "Treatment of Infertility" benefits description spans three pages: 70–72 (ECF 46-2, using the pagination at the top). It includes the sentence, under Basic Infertility Expenses: "Covered expenses include charges made by a physician to diagnose and to surgically treat the underlying medical cause of infertility." (ECF 46-2 at 70). It then defines infertility, using the language at issue in this case:

"Infertility is defined as:

▪ For a woman who is under 35 years of age: 1 year or more of timed, unprotected coitus, or 12 cycles of artificial insemination; or

▪ For a woman who is 35 years of age or older: 6 months or more of timed, unprotected coitus, or 6 cycles of artificial insemination." *Id.*

There is no corresponding definition pertinent only to males, so either a man does not need to meet any definition of "infertility" to access benefits at all, or he would do so by showing that a female partner meets the definition.

The types of "male fertility benefits and treatments" covered by the Plan are not separately itemized in the Summary Plan Description, but appear to be encompassed within the general phrase "charges made by a physician to diagnose and to surgically treat the underlying medical cause of infertility," and the various procedures mentioned under Advanced Comprehensive Infertility and Advanced Reproductive Technology, to the extent that they would be prescribed by a physician as a result of suspected or diagnosed male infertility, and the male has a covered female partner under the Plan. (*See* ECF 46-2 at 70–71).

Besides the portions already mentioned, the only other specific references to fertility benefits in the Summary Plan Description are several exclusionary provisions listed on pages 72 and 80, and a description of the infertility drugs covered by the prescription drug benefit, on page 87, but these references do not separately identify male-specific treatments covered by the Plan.

Respectfully submitted,

By: /s/ Jamisen A. Etzel
**LYNCH CARPENTER, LLP**
jamisen@lcllp.com

*Attorney for Plaintiff*